# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

ALZA CORP. and JANSSEN
PHARMACEUTICALS INC.,

        Plaintiffs,

        v.

AMNEAL PHARMACEUTICALS OF NEW
YORK, LLC and AMNEAL
PHARMACEUTICALS LLC

        Defendants.

No. 16-cv-914 (RGA)

## MEMORANDUM ORDER

After Defendants filed Abbreviated New Drug Application No. 207515 and a
Major Complete Response Amendment with the FDA seeking to sell a generic
version of Concerta, Plaintiffs filed for infringement of U.S. Patents No. 8,163,798
and No. 9,144,549. (D.I. 2). Defendants request judgment on the pleadings under
Federal Rule of Civil Procedure 12(c). The contested claims are of two basic types:
(1) those that cover non-osmotic and osmotic dosage forms and (2) those that cover
only osmotic dosage forms.

As to the first category of claims, claims that cover both osmotic and non-
osmotic dosage forms, Defendants seek judgment on collateral estoppel grounds.
Previously, the District of Delaware invalidated similar claims for lack of
enablement, a decision affirmed by the Federal Circuit. This portion of Defendants'

motion is dismissed as moot because Plaintiffs have agreed not to assert claims covering non-osmotic dosage forms. (D.I. 30 at p. 2).

As to the second category of claims, claims only covering osmotic dosage forms, Defendants seek judgment based on non-infringement.

Defendants argue that "osmotic dosage form" claims "unambiguously" require both a "semipermeable membrane" and a "push layer." (D.I. 22 at p. 18). This construction resolves the infringement analysis, Defendants argue, because the ANDA product does not include a push layer.[1] Defendants argue their proposed definition is obvious from the patent itself and is the one mandated by the Federal Circuit's opinion in *Alza Corp. v. Andrx Pharmaceuticals, LLC*, 603 F.3d 935 (Fed Cir. 2010). Thus, formal claim construction is unnecessary.

As to the requirement of a "push layer," I do not read the cited portions of the specification as "unambiguously" requiring osmotic dosage forms to be construed as including a push layer. Defendants cite column 3, lines 50 to 54 of the '798 patent, and the corresponding part of the '549 patent, to support their claim construction argument. (D.I. 22 at p. 18). In that part, the specification discusses the prior art

---

[1] Defendants also contend the ANDA product does not include a semipermeable membrane. (D.I. 22 at p. 19). I have focused on the push layer, however, because Plaintiffs only argued that the ANDA product included a push layer in a footnote (D.I. 30 at p. 13 n. 15), and, thus, for the purposes of this motion, did not preserve that argument. Further, Plaintiffs have adequately pled that Defendants' ANDA product has a semipermeable membrane because the ANDA product uses both ethylcellulose and hypromellose to create one. (D.I. 2 at ¶ 67).

2

and describes a "sophisticated *type* of osmotic device" that includes two layers, one a push layer. ('798 Patent, col. 3, l. 38) (emphasis added). Far from making Defendants' proposed construction unambiguously correct, this language supports the argument that a push layer is only in certain types of osmotic devices, not all. Defendants also cite embodiments of osmotic dosage forms in the specification with a push layer to require one. (D.I. 40 at pp. 7–9). At this stage, without formal claim construction, I decline to read a limitation into the claim language from the embodiments.

Defendants further argue that *Alza* requires me to construe osmotic dosage forms to include a push layer. Specifically, Defendants cite footnote 1 that reads:

> Osmotic dosage forms are dosages with a "push" layer comprising osmotically effective solutes—i.e., substances that dissolve and, as fluid is imbibed through the semipermeable pill wall, swell and push against the deliverable drug formulation. The pill wall is semipermeable, meaning that it is permeable to the passage of external fluids into the compartment, but is substantially impermeable to the passage of a drug agent or excipients outward. The drug itself exits via an orifice, which constitutes the "passageway" through the wall for delivering the drug from the pill, so as to gradually increase drug concentration in the body.
>
> Non-osmotic dosage forms within the scope of the claims include "oral tablets and capsules" with sustained-release dosage forms suitable for producing ascending release rates, where the release rate is as determined by an appropriate in-vitro dissolution test. Non-osmotic dosage forms do not have a "push" layer.

*Alza*, 603 F.3d at 937 n. 1. There are three problems with Defendants' position.

First, the Federal Circuit was not engaging in, nor reviewing, claim construction. The district court had never construed "osmotic dosage form." *See Alza Corp. v. Andrx Pharm. LLC*, 2007 WL 6137000 (D. Del. Oct. 5, 2007). In the best

3

case for Defendants, footnote 1 could be characterized as a drive-by claim construction, *cf. Arbaugh v. Y & H Corp.*, 546 U.S. 500, 511 (2006) (characterizing "unrefined disposition" as "drive-by jurisdictional rulings"), but footnote 1 is not even that. Instead, it appears the court was doing just what the court said it was doing, that is, providing background.

Second, the Federal Circuit did not cite, nor suggest it was relying on, the specification or any other intrinsic evidence (or extrinsic evidence for that matter) for its description of osmotic dosage forms. This makes sense because, again, the court was not engaged in claim construction.

Third, the description of osmotic dosage forms described in footnote 1 was not necessary to the court's holding. In *Alza*, the parties did not contest the meaning of osmotic dosage forms. 603 F.3d at 939. The parties stipulated that osmotic dosage forms were enabled. The enablement dispute focused exclusively on non-osmotic dosage forms. *Id.* The enablement analysis did not reference a push layer for delineating what was enabled and what was not enabled. *See id.* at 939, 941. Instead, the enablement analysis was focused on the cursory nature of the single paragraph reference in the specification to ways of using non-osmotic dosage forms. *Id.* at 941.

I believe this case requires claim construction and probably expert testimony before a finding on infringement can be made.

4

For these reasons, Defendants' motion for judgment on the pleadings is

**DISMISSED IN PART** as moot and otherwise **DENIED**.

IT IS SO ORDERED this __7__ day of April 2017.

Richard G. Andrews

United States District Judge